IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN MASONS' HEALTH CARE FUND,
WISCONSIN MASONS' PENSION FUND,
WISCONSIN MASONS' JOINT APPRENTICESHIP
AND TRAINING FUND, and JAMES VICK (in his
capacity as Trustee), BRICKLAYERS & TROWEL
TRADES INTERNATIONAL PENSION FUND,
INTERNATIONAL MASONRY INSTITUTE,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFTWORKERS,
BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,

                Plaintiffs,

v.

ICONIC FINISHES, LLC,

                Defendant.

ORDER

21-cv-268-jdp

---

    The court held a telephonic hearing on plaintiffs' motion for default judgment. Plaintiffs appeared by counsel, Alexander Sterling. Defendant did not appear. The court had no objections to plaintiffs' requests for costs and attorney fees, but the court denied the motion for default judgment, Dkt. 8, for three reasons.

    First, there were discrepancies between the amounts cited in the affidavits and the amounts in the exhibits, and plaintiffs didn't explain the discrepancies. *See*, *e.g.*, Dkt. 11 and Dkt. 11-1. Second, plaintiffs acknowledged that the amounts listed in the audit sheet were outdated because defendant continued making payments after the audit, and they cited new claimed amounts in their affidavits. *See* Dkt. 12; Dkt. 13; Dkt. 14. But plaintiffs didn't explain how they calculated the new claimed amounts, making it impossible for the court to confirm their accuracy. Third, some of the numbers in plaintiffs' affidavits didn't match the numbers

in the proposed judgment. For example, Dara Sievert's affidavit, Dkt. 12, claims $447.49 in unpaid working dues while the judgment claims $488.99, again without explaining the discrepancy.

The court will give plaintiffs an opportunity to file a new motion for a default judgment. In addition to addressing each of the issues above, plaintiffs should file a document with the court that clearly explains how they determined the numbers in the proposed judgment. Plaintiffs should provide enough detail so that the court can understand where the numbers in the proposed judgment came from and how they were calculated.

This is not the first time that motions for default judgments from the Previant Law Firm have included basic problems that have prevented the court from determining the accuracy of the claimed damages. *See, e.g. Wisconsin Laborers Pension Fund v. R.L. Davis Contracting Service*, No. 19-cv-400, Dkt. 46. The court expects counsel to take greater care in preparing future motions. If they fail to do so, the court will consider denying those motions without leave to refile them.

ORDER

IT IS ORDERED that plaintiffs' motion for a default judgment, Dkt. 8, is DENIED without prejudice. Plaintiffs may have until September 22, 2021, to file a renewed motion that

addresses the deficiencies identified in this order. If plaintiffs fail to respond by that date, the court will dismiss the case for failure to prosecute.

Entered 9th day of September, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge