IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN MASONS' HEALTH CARE FUND,
WISCONSIN MASONS' PENSION FUND,
WISCONSIN MASONS' JOINT APPRENTICESHIP
AND TRAINING FUND, and JAMES VICK (in his
capacity as Trustee), BRICKLAYERS & TROWEL
TRADES INTERNATIONAL PENSION FUND,
INTERNATIONAL MASONRY INSTITUTE,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFTWORKERS,
BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,

OPINION and ORDER

21-cv-268-jdp

            Plaintiffs,

  v.

ICONIC FINISHES, LLC,

            Defendant.

---

This case for unpaid employer contributions and working dues is before the court on plaintiffs' renewed motion for default judgment. Dkt. 20. The court denied plaintiffs' first motion because plaintiffs' damages weren't adequately supported. Dkt. 19. Specifically, plaintiffs failed to explain how they calculated their claimed amounts and there were discrepancies in the calculations that plaintiffs did provide.

Plaintiffs have provided more explanation of how they calculated their damages. Plaintiffs now seek a judgment in the amount of $9,288.92, but plaintiffs' original proposed judgment was for $9,461.67. Dkt. 18-1 and Dkt. 20-1. Both proposed judgments include unpaid contributions, working dues, liquidated damages, interest, attorney fees, and costs. Their requested amounts for liquidated damages, attorney fees, and costs are the same in both proposed judgments, but the amounts for contributions and interest are slightly larger in the

new proposed judgment, and the amount for working dues is smaller. Plaintiffs don't explain these differences.

Plaintiffs submitted affidavits from the same employees to support both motions. But the figures provided in the two sets of affidavits weren't always the same. For example, Kelly Urbach stated in her original affidavit that Wisconsin Masons Health Care Fund was owed $1,183 in unpaid contributions, Dkt. 14, but her new affidavit says that the amount is $1,765, Dkt. 23. Urbach's calculations of contributions owed to the Wisconsin Masons Pension Fund, and Wisconsin Masons Apprenticeship and Training Fund are different in the original and renewed motions. *Id.* Farney Kandrick's calculations for Bricklayers & Trowel Trades International Pension Fund, Bricklayers & Trowel Trades International Pension Fund (PPA), International Masonry Institute, and International Union of Bricklayers and Allied Craftworkers were the same in both of her affidavits. Dkt. 13 and Dkt. 25. But Dara Sievert provided different amounts for the dues owed to the Bricklayers and Allied Craftworkers District Council. Dkt. 12 and Dkt. 24.

Plaintiffs provide no explanation for any of the discrepancies between the new affidavits and the old ones. So not only were the damages calculations inadequately explained, it appears now that the original supporting affidavits were inaccurate. Without explanation of the discrepancies with the original affidavits, the court concludes that the claim for damages is not adequately supported, and plaintiffs are not entitled to yet another round of explanation.

"[W]hile a default judgment conclusively establishes liability, the victor must still prove up damages." *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). In light of the unexplained errors and discrepancies in plaintiffs' documents, the court isn't persuaded that plaintiffs have proven their damages by a preponderance of the evidence. The court warned plaintiffs in its

previous order that it would deny relief if they failed to properly support their motion for default judgment. Dkt. 19, at 2. The court will grant the motion for default judgment in accordance with *Domanus* but award one dollar in nominal damages because plaintiffs haven't proven that they are entitled to more. In light of plaintiffs' extremely limited success, the court will also deny their request for attorney fees and costs. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, . . . the only reasonable fee is usually no fee at all."); 29 U.S.C. § 1132(g)(1) (giving court to discretion to deny fees and costs).

ORDER

IT IS ORDERED that plaintiffs' motion for default judgment, Dkt. 20, is GRANTED, but their request for fees and costs is DENIED. The hearing scheduled for October 12, 2021, is CANCELED. The clerk of court is directed to enter a judgment for one dollar in favor of plaintiffs and close this case.

Entered October 1, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge